IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RACHEL PALACIOS and** **PLAINTIFFS**
**MARY VALENZUELA, Each**
**Individually and on Behalf of**
**All Others Similarly Situated**

vs.  No. 5:22-cv-385

**FRIO HOSPITAL ASSOCIATION**  **DEFENDANT**

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

Plaintiffs Rachel Palacios and Mary Valenzuela (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action ("Complaint") against Defendant Frio Hospital Association ("Defendant"), state and allege as follows:

## I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiffs were employed by Defendant at its facility located in Frio County.

6. The acts complained of herein were committed and had their principal effect against Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Rachel Palacios ("Palacios") is an individual and resident of Medina County.

8. Mary Valenzuela ("Valenzuela") is an individual and resident of Medina County.

9. Defendant is a domestic, non-profit corporation.

10. Defendant also does business as Frio Regional Hospital.

11. Defendant's registered agent for service is Andy Williams, 200 South IH 35, Pearsall, Texas 78061.

12. Defendant maintains a website at https://www.frioregionalhospital.com/ .

## IV. FACTUAL ALLEGATIONS

13. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. Defendant operates a hospital in Pearsall.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical supplies and office equipment.

16. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

17. At all times relevant to the allegations in this Complaint, Plaintiffs were "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e).

18. At all times material herein, Defendant is, and has been, an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

19. At all times material herein, Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

20. Defendant employed Palacios as an hourly-paid Registered Nurse from approximately September of 2020 until approximately January of 2022.

21. Defendant employed Valenzuela as an hourly-paid Registered Nurse from approximately November of 2020 until approximately November of 2021.

22. In addition to their hourly wage, Plaintiffs received bonuses based on extra hours or days Plaintiffs worked, bonuses for working while being scheduled to be off and night shift bonuses.

23. Defendant also employed other hourly-paid employees who received these bonuses ("bonusing employees").

24. The bonuses were based on objective, measurable criteria.

25. Plaintiffs and other bonusing employees expected to receive the bonuses and did in fact receive the bonuses on a regular basis.

26. Plaintiffs regularly worked over forty hours per week.

27. Other bonusing employees also regularly or occasionally worked over forty hours per week.

28. At all times material herein, Plaintiffs and other bonusing employees have been entitled to the rights, protections, and benefits provided under the FLSA.

29. Defendant directly hired Plaintiffs and other bonusing employees, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. During weeks in which Plaintiff and other bonusing employees worked over forty hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiffs and other bonusing employees.

31. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

32. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in the regular rate when calculating Plaintiffs' and other bonusing employees' overtime pay.

33. At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of proper overtime compensation for all of the hours worked over forty per week.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiffs bring this FLSA claim on behalf of all other hourly, bonusing employees who were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as nonexempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

    A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty per week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

37. Plaintiffs propose the following collective under the FLSA:

**All hourly-paid employees who earned a bonus in connection with work performed in any week in which they worked more than forty hours in the past three years.**

38.  In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

39.  The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

40.  The proposed FLSA collective members are similarly situated in that they share these traits:

A.  They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

B.  They were paid hourly rates;

C.  They were eligible for and received nondiscretionary bonuses;

D.  They worked over forty hours in at least one week in which they performed work in connection with a bonus; and

E.  They were subject to Defendant's common policy of failing to include the bonuses in their hourly rate when calculating their overtime pay.

41.  Plaintiffs are unable to state the exact number of the class but believe that there are at least 100 other employees who worked as hourly employees and received an improperly calculated overtime rate due to Defendant's failure to include the nondiscretionary bonuses in the regular rate.

42.  Defendant can readily identify the members of the Section 16(b) collective which encompasses all hourly employees who received a bonus and worked more than forty hours in a week.

43. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

44. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

45. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

46. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

47. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA.

48. Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs a proper overtime rate for all hours worked in excess of forty per week.

49. Defendant violated 29 C.F.R. § 778.208 by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiffs in their regular rate when calculating their overtime pay.

50. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

53. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. Plaintiffs bring this collective action on behalf of themselves and all similarly situated employees who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for overtime compensation for all the hours they worked in excess of forty each week.

55. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

56. Defendant classified Plaintiffs and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

57. Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

58.   Defendant violated 29 C.F.R. § 778.208 by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiffs and others in their regular rate when calculating their overtime pay.

59.   Upon information and belief, Plaintiffs and all or almost all employees who received nondiscretionary bonuses worked more than forty hours in at least one week in which they performed work connected to a bonus.

60.   Defendant failed to pay Plaintiffs and similarly situated employees at the proper overtime rate.

61.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62.   By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided for by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Rachel Palacios and Mary Valenzuela, each individually on behalf of all others similarly situated, respectfully pray as follows:

A.   That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

D. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

E. Judgment for damages for all unpaid back wages owed to Plaintiffs and members of the collective from a period of three years prior to this lawsuit through the date of trial under the FLSA and the attendant regulations;

F. Judgment for liquidated damages pursuant to the FLSA and the attendant regulations;

G. An order directing Defendant to pay Plaintiffs and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**RACHEL PALACIOS and MARY VALENZUELA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com